## Osborn, et al. v. Roberts, et al.

(Decided December 5, 1919.)

### Appeal from Pike Circuit Court.

1. Quieting Title—Possession of Plaintiff.—To sustain an action under section 11, Kentucky Statutes, to quiet title, it is necessary to allege and prove possession as well as title.

2. Quieting Title—Actual Constructive Possession—Adverse Possession.—Plaintiffs having proven their title to all the land and actual possession of parts of it were in possession of all of same when suit to quiet title was filed unless portions thereof in controversy were in the actual adverse possession of defendants.

3. Quieting Title—Possession.—The fact that defendants in 1914 and 1915 raised crops of corn upon portions of the land in controversy is not sufficient to show possession in them on December 14, 1915, when the suit was filed, this date not being necessarily within the cropping season.

4.  Quieting Title—Adverse Possession.—Defendants cannot tack the alleged possession of their father on to their own alleged adverse possession when it is proven that he relinquished all possession and claim of title to plaintiffs' vendor seven years before by written agreement.

5.  Quieting Title—Deed of Trust to Manage and Sell.—A deed of trust, executed by plaintiffs to another solely to enable him, as their agent, to manage and sell land during their absence from the state, does not convey such an interest as would defeat an action by plaintiffs against a third party to quiet their title.

E. J. PICKLESIMER and J. M. YORK for appellants.

CLINE & STEELE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellees, W. J. Roberts and wife, who were plaintiffs below, instituted this action under section 11, Kentucky Statutes, to quiet their title to two adjoining tracts of land. The appellants by their answer denied the alleged title and possession of plaintiffs and asserted title in themselves by adverse possession for more than the statutory period to a described boundary of about 14 acres, about one-half of which lies in each of the two larger tracts claimed by plaintiffs.

The evidence for the plaintiffs shows title in them to the two larger tracts claimed by them, including the land in controversy, derived through several mesne conveyances from the Commonwealth. Their actual possession at the time of the institution of the action of portions of each of the two larger tracts is proven and not denied; but it is also proven without contradiction that in each of the two years next before the filing of the suit the defendants raised crops of corn upon part of the land in controversy.

Upon this proof appellants insist that it was established that the plaintiffs were not in possession of the land in controversy when the suit was filed, and that therefore the chancellor erred in quieting their title to same, since in order to sustain an action to quiet title under section 11 of the statute it is necessary to allege and prove possession as well as title. This is unquestionably the settled rule, but since plaintiffs proved their title to the whole of each of the two tracts of land and their actual possession of parts of each, they were

in the actual possession of all of same when the suit was filed unless portions thereof in controversy were at the time in the actual adverse possession of the defendants.

The suit was filed on December 14th, 1915, and the fact that the defendants, while the plaintiffs were temporarily out of the state, had entered upon a portion of the land without the plaintiffs' knowledge or consent and grown crops of corn thereon in 1914 and again in 1915, was no evidence that they were in possession of same on December 14, 1915, when the suit was brought, since it is a matter of common knowledge that December 14th is not necessarily within the cropping season.

It therefore follows that plaintiffs proved not only their title to the land but that they were, on December 14, 1915, in the actual possession of the whole of the same, while defendants only proved that they had actual possession of the portion claimed by them during the cropping season, which it was not shown and cannot be presumed extended to the date the suit was filed.

The adverse possession for the statutory period which the defendants assert in themselves and those under whom they claim covers the period when they attempt to prove their father had possession of the land in controversy, but it is conclusively shown that whatever possession and claim of title the father had of the land were by written agreement relinquished by him to the plaintiffs' vendor about seven years before the suit was filed, and that following this relinquishment by their father the land was not enclosed and grew up in bushes and second growth timber. They cannot therefore tack his possession, even if adverse, to any possession of their own, whatever its character, because of the break in continuity within the statutory period; and they did not manifest title by adverse possession.

It is also contended by the appellants that plaintiffs did not have title to the land in controversy at the time the suit was instituted, because of the execution theretofore of a deed of trust to J. S. Cline. This contention cannot be sustained for two reasons. In the first place, it is rather conclusively established that the deed of trust to Cline did not cover the land in controversy. But, even if it did, there is no contradiction of positive proof for plaintiffs that the deed did not convey to Cline any

beneficial interest in the land, or do more than empower him, as agent for the plaintiffs, to manage and sell the land during their absence from the state. This deed was not introduced in evidence, and before the trial Cline reconveyed the land to the plaintiffs by a deed which is in the evidence and recites that it was executed in compliance with a written contract obligating him so to do, which he had executed and delivered to the plaintffs simultaneously with their execution of the deed of trust to him.

We are therefore of the opinion that it was established by the evidence that plaintiffs were the owners of and in possession of the land in controversy when the suit was filed and thereafter, and that the defendants had neither title to nor possession of any portion thereof.

Wherefore the judgment is affirmed.